### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| J. HAGGARD, individually and on behalf of all those similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> REGIONS BANK, <br><br> Defendant. | No.: <br><br> **JURY TRIAL DEMANDED** <br><br> INDIVIDUAL AND COLLECTIVE ACTION FOR UNPAID OVERTIME UNDER FLSA <br><br> INDIVIDUAL AND CLASS ACTION FOR UNPAID WAGES UNDER TEXAS COMMON LAW |

### **INDIVIDUAL, COLLECTIVE, AND CLASS ACTION COMPLAINT**

Named Plaintiff J. Haggard, individually and on behalf of all those similarly situated, by and through undersigned counsel, hereby complains as follows against Defendant Regions Bank (hereinafter referred to as "Defendant").

### **INTRODUCTION**

1.  Named Plaintiff has initiated the instant action to redress Defendant's violations of the Fair Labor Standards Act ("FLSA"), and the common law of Texas, (hereinafter referred to as "Common Law").

2.  Named Plaintiff asserts that Defendant failed to pay Named Plaintiff and those similarly situated all overtime wages owed to them in violation of the FLSA.

3.  Named Plaintiff asserts that Defendant failed to pay Named Plaintiff and those similarly situated wages for all hours worked in violation of the common law.

4.  As a result of Defendant's unlawful conduct, Named Plaintiff and those similarly situated have suffered damages as set forth herein.

1

## JURISDICTION AND VENUE

5. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

6. This Court may properly maintain personal jurisdiction over Defendant, because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

7. The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA. This Court has supplemental jurisdiction over related state law claims because they arise out of the same circumstance and are based upon a common nucleus of operative fact.

8. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because a substantial part of the acts and/or omissions giving rise to the claims occurred in this judicial district.

## PARTIES

9. The foregoing paragraphs are incorporated herein as if set forth in full.

10. Named Plaintiff is an adult individual who worked for Defendant in Texas.

11. Defendant, upon information and belief, is a bank operating in Texas.

12. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13. In addition to bringing this action individually, Named Plaintiff brings this action for violations of the FLSA (Count I) as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), individually and on behalf of all Bankers, Tellers, Head Tellers, Financial Relationship Specialists, and other non-exempt, hourly employees presently and

formerly employed by Defendant in the United States, who, during the statute of limitations period up until in or around April 2019, performed the Opening Procedures (defined below) and were subject to the wage and hour policies described herein (hereinafter the members of this putative class are referred to as "Collective Plaintiffs").

14. Named Plaintiff and Collective Plaintiffs are similarly situated, have substantially similar pay provisions, and are all subject to Defendant's policies and practices as discussed infra.

15. There are numerous similarly situated current and former employees of Defendant whom Defendant failed to pay owed overtime wages in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

16. Similarly situated employees are known to Defendant, are readily identifiable by Defendant, and can be located through Defendant's records.

17. Therefore, Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of himself and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

### CLASS ACTION ALLEGATIONS
### (Texas Common Law)

18. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

19. Named Plaintiff brings claims asserting violations of the Texas common law ("Common Law") as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure individually and on behalf of all Bankers, Tellers, Head Tellers, Financial Relationship Specialists, and other non-exempt, hourly employees presently and formerly employed by

Defendant in Texas, who, during the time period from September 23, 2017[1] through in or around April 2019, performed the Opening Procedures (defined below) and were subject to the wage and hour policies described herein (hereinafter the members of this putative class are referred to as "Common Law Plaintiffs").

20. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendant; however, on information and belief, the number of potential class members is estimated to be more than forty (40) employees.

21. Named Plaintiff's claims are typical of the claims of the putative class members, because Named Plaintiff, like all Common Law Plaintiffs, was an hourly employee whom Defendant required to perform Opening Procedures off-the-clock without compensation.

22. Named Plaintiff will fairly and adequately protect the interests of the putative class because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the class. Named Plaintiff has retained counsel with substantial experience in the prosecution of class claims involving employee wage disputes.

23. Defendant has acted and refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole insofar as Defendant has applied consistent unlawful wage policies to the entire class and have refused to end these policies.

---

[1] Named Plaintiff previously filed the claims in this action in a case filed in the United States District Court for the Eastern District of Missouri via their written consents and a motion for leave to file an amended complaint on September 20, 2019. *See Hodapp v. Regions Bank*, 4:18-cv-01389-HEA, Doc. # 73-2 (E.D. Mo Sept. 20, 2019). Accordingly, the statute of limitations for the claims brought in the instant Complaint have been tolled.

24. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendant's records.

25. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendant. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all the individual putative class members to maintain separate actions against Defendant.

26. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are: 1) whether Defendant failed to pay Named Plaintiff and Common Law Plaintiffs wages for time spent performing the Opening Procedures prior to clocking in; 2) whether express contracts or implied contracts existed between Defendant and Common Law Plaintiffs, 3) whether Defendant breached and violated its contracts with Common Law Plaintiffs; 4) whether Defendant is liable to Common Law Plaintiffs pursuant to quantum meruit; and 5) whether Defendant has been unjustly enriched by its failure to pay Common Law Plaintiffs for time worked.

**FACTUAL BACKGROUND**

27. The foregoing paragraphs are incorporated herein as if set forth in full.

28. From in or around October 2017 through the present, Named Plaintiff has worked for Defendant in Texas.

29. Named Plaintiff performed the Opening Procedures as defined herein.

30. Defendant paid Named Plaintiff hourly wages.

31. Defendant scheduled Named Plaintiff to work during specific shift times.

32. Defendant expected Named Plaintiff to be at his computer performing his duties by the beginning of his shifts.

33. Named Plaintiff regularly worked 40 or more hours in a workweek.

34. Hereinafter, Collective Plaintiffs and Common Law Plaintiffs, are collectively referred to as "Class Plaintiffs."

35. Class Plaintiffs worked/work as Bankers, Tellers, Head Tellers, Financial Relationship Specialists, and in other hourly, non-exempt positions at Defendant's bank branches.

36. Additionally, Class Plaintiffs also performed/perform the Opening Procedures as detailed herein.

37. Defendant scheduled/schedules Class Plaintiffs to work during specified shift times.

38. Defendant paid/pays Class Plaintiffs hourly wages.

39. Collective Plaintiffs regularly worked/work more than 40 hours in a workweek.

### **Failure to Pay for Pre-Shift Hours Worked**

40. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

41. Defendant's policies required/require that at least two employees, working together, open each of Defendant's bank branches each day the branches are open for business.

42. Defendant required Named Plaintiff to assist in opening the branch where they were employed.

43. Defendant required/requires Class Plaintiffs to assist in opening the bank branches where they were/are employed.

44. Per Defendant's policies and procedures, the employees, including Named Plaintiff and Class Plaintiffs, who were/are assigned to open one of Defendant's bank branches were/are required to engage in significant pre-shift security procedures, both outside and inside the building, prior to being permitted to clock-in.[2]

45. Once Named Plaintiff completed the security procedures, Named Plaintiff had to turn on his computer, wait for his computer to boot-up, and then open a program to clock-in. (Hereinafter, the security procedures, booting up the work computer, and opening the program to clock-in are collectively referred to as the "Opening Procedures.")

46. Once Class Plaintiffs completed/complete the security procedures, they had to/must turn on their computers, wait for their computers to boot-up, and then open a program to clock-in.

47. The computer program used by Defendant to track Named Plaintiff's and Class Plaintiffs' work hours recorded/records the precise time that they clocked/clock in.

48. The computer program did not permit Named Plaintiff and Class Plaintiffs to record any of the time they worked prior to clocking in.

---

[2] Named Plaintiffs have not listed each security procedure that Defendant required/requires because doing so could potentially expose Defendant and its employees to security risks. Should this Court or Defendant seek Named Plaintiffs to provide more detailed information regarding the pre-shift activities, Named Plaintiffs are prepared to do so.

49. Accordingly, during each workweek in which Named Plaintiff's, Collective Plaintiffs' uncompensated time as alleged consisted/consists of time worked more than 40 hours per workweek, Defendant failed/fails to pay all overtime wages due to them.

50. Moreover, during each workweek in which Named Plaintiff and Class Plaintiffs performed the Opening Procedures at least once, Defendant failed/fails to pay wages owed to them under Common Law.

51. Defendant committed the violations of the FLSA and the Common Law asserted herein throughout Named Plaintiff's employment with Defendant, and upon information and belief, committed such violations before and after their employment with Defendant.

52. As a result of Defendant's policy of requiring employees to perform off-the-clock work, Defendant failed to accurately record all time worked by Named Plaintiff and Class Plaintiffs.

53. Upon information and belief, Defendant has maintained the above described policies since at least the beginning of 2016 and has enforced such unlawful policies at all its bank branches throughout the United States until in or around April 2019.

54. The aforementioned conduct has caused damages to Named Plaintiff and Class Plaintiffs.

**COUNT I**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Failure to pay Overtime Compensation)**
**(Named Plaintiff and Collective Plaintiffs v. Defendant)**

55. The foregoing paragraphs are incorporated herein as if set forth in full.

56. At all times relevant herein, Defendant has and continues to be an employer within the meaning of the FLSA.

57. At all times relevant herein, Defendant was/is responsible for paying wages to Named Plaintiff and Collective Plaintiffs.

58. At all times relevant herein, Named Plaintiff and Collective Plaintiffs were/are employed with Defendant as "employees" within the meaning of the FLSA.

59. Under the FLSA, an employer must pay an employee at least one and one-half times his or her regular rate for each hour worked more than forty hours per workweek.

60. Defendant's violations of the FLSA include, but are not limited to, failing to pay Named Plaintiff and Collective Plaintiffs all overtime wages earned as a result of performing the Opening Procedures.

61. Defendant's conduct in failing to pay Named Plaintiff and Collective Plaintiffs properly was and is willful and was not based upon any reasonable interpretation of the law.

62. As a result of Defendant's unlawful conduct, Named Plaintiff and Collective Plaintiffs have suffered damages as set forth herein.

## COUNT II
### Violations of the Texas Common Law
**(Breach of Contract)**
**(Named Plaintiff and Common Law Plaintiffs v. Defendant)**

63. The foregoing paragraphs are incorporated herein as if set forth in full.

64. Defendant breached and violated agreements between Named Plaintiff and Common Law Plaintiffs to pay for all hours worked by failing to pay Named Plaintiff and Common Law Plaintiffs for time spent performing the Opening Procedures.

65. At all times, Named Plaintiff and Common Law Plaintiffs performed their duties under the agreements.

66. As a direct result of Defendant's violations and breaches of the agreements, as aforesaid, Named Plaintiff and Common Law Plaintiffs have suffered damages.

## COUNT III
### Violations of the Texas Common Law
### (Quantum Meruit/Unjust Enrichment)
### (Named Plaintiff and Common Law Plaintiffs v. Defendant)

67. The foregoing paragraphs are incorporated herein as if set forth in full.

68. Defendant failed to pay Named Plaintiff and Common Law Plaintiffs their hourly wages for all hours worked.

69. Named Plaintiff and Common Law Plaintiffs reasonably expected Defendant to compensate them for performing the Opening Procedures.

70. Defendant recognized the benefits conferred upon it by Named Plaintiff and Common Law Plaintiffs performing the Opening Procedures.

71. Defendant accepted and retained the benefits under circumstances that would render such retention inequitable.

72. Defendant has thereby been unjustly enriched and/or Named Plaintiff and Common Law Plaintiffs have been damaged.

**WHEREFORE**, Named Plaintiff and Class Plaintiffs pray that this Court enter an Order providing that:

(1) Defendant is to compensate, reimburse, and make Named Plaintiff and Class Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings. Named Plaintiff and Class Plaintiffs should be accorded those benefits illegally withheld;

(2) Named Plaintiff and Collective Plaintiffs are to be awarded liquidated damages provided by the FLSA;

(3)     Named Plaintiff and Collective Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by the FLSA;

(4)     Named Plaintiff and Class Plaintiffs are to be awarded compensatory damages, pre-judgment and post-judgment interest at the applicable legal rate due to Defendant's breach of the contracts and/or Defendant's unjust enrichment and/or quantum meruit;

(5)     Named Plaintiff and Class Plaintiffs are to be awarded such other relief as the Court deems fair and equitable;

(6)     Named Plaintiff's and Class Plaintiffs' claims are to receive a jury trial.

    Respectfully Submitted,

*/s/ Matthew Miller*
Matthew D. Miller, Esq. (PA ID: 312387)
Justin L. Swidler, Esq. (NJ ID: 039312007)
**SWARTZ SWIDLER, LLC**
1101 Kings Highway North, Ste. 402
Cherry Hill, NJ 08034
Phone: (856) 685-7420
Fax: (856) 685-7417
jswidler@swartz-legal.com
mmiller@swartz-legal.com

*Pro Hac Vice Applications pending*

Date: February 1, 2021